J-A26023-21

2022 PA Super 117

FINEMAN, KREKSTEIN & HARRIS, P.C.

Appellee

v.

RICHARD J. PERR, ESQ.

Appellant

IN THE SUPERIOR COURT
OF PENNSYLVANIA

No. 666 EDA 2021

Appeal from the Order Entered December 23, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 200302862

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

OPINION BY STABILE, J.:                          **FILED JUNE 30, 2022**

Appellant, Richard J. Perr, Esq. ("Perr"), appeals from the December 23,

2020 order sustaining in part and overruling in part his preliminary objections

to the complaint of Appellee, Fineman, Krekstein & Harris, P.C. ("FKH").[1]  We

affirm in part, reverse in part, and remand.

The trial court set forth the pertinent facts and procedural history in its

Pa.R.A.P. 1925(a) opinion:

> FKH is a professional corporation engaged in the practice of
> law.  Perr is an attorney and was a former shareholder and
> employee of FKH.  On June 25, 2015, Perr entered into a written
> [E]mployment [A]greement [(the "Employment Agreement")]
> with FKH pursuant to which Perr was a "full-time attorney" in the
> private practice of law for FKH.  Pursuant to the Employment
> Agreement, Perr agreed to devote sufficient time, energy, skill and

---

[1]  FKH abandoned its cross appeal from the trial court's order, conceding that
an order compelling arbitration is not immediately appealable.  Appellee's Brief
at 9 n.2.

best efforts to the performance of his duties to further the business interests of FKH.  The Employment Agreement does not contain an arbitration provision.

Perr became a shareholder and director of FKH in 2015 and entered into a Shareholder Agreement [(the "Shareholder Agreement")] with FKH and FKH shareholders S. David Fineman, Esquire and Gary A. Krimstock, Esquire which was amended and restated on November 1, 2017.  The amended and restated Shareholder Agreement contained the following provisions:

> 8.2.    Deadlock.    In  the  event  of  a  material disagreement among the Shareholders and/or the Corporation  with  respect  to  this  Agreement  or  the conduct  of  the  affairs  of  the  Corporation  (the "Deadlock"), the Shareholders hereby agree to submit the    Deadlock    to    mediation    in    Philadelphia, Pennsylvania,  either  through  a  mutually  acceptable mediator or through an established mediation service, within fifteen business days from the date [of] the Deadlock (the "Mediation").
>
> 8.3.  Arbitration.  In the case that the mediation has been    unsuccessful,    the    Shareholders    and    the Corporation agree to settle the Deadlock by binding arbitration in accordance with this Agreement.  Any claim or controversy arising out of or relating to this Agreement or any breach thereof shall be settled by such arbitration ….

[Shareholder  Agreement,  at  §§ 8.2  and  8.3  (hereinafter  "the Arbitration  Clause")  (the  November  1,  2017  Shareholder Agreement  appears  in  the  certified  record  at  Exhibit  A  to Appellant's petition to compel arbitration; the language of §§ 8.2 and 8.3 remained unchanged through various amendments of the Shareholder Agreement).]

On December 4, 2019, Perr gave notice orally that he was leaving  FKH  on  December  31,  2019.    A  meeting  of  the compensation committee of FKH was then convened but Perr decided not to participate.  The compensation committee of FKH decided that Perr's compensation would end on December 14, 2019. On February 12, 2020, Perr made demand for return of his capital of $25,000.  FKH rejected Perr's demand and insisted that Perr surrender his stock interest in FKH and submit a written

resignation. On February 14, 2020, Perr submitted a written resignation, withdrawal and transfer of stock ownership interest to FKH.

After Perr's employment and shareholder interest in FKH terminated, FKH discovered that Perr had been serving as Chief Compliance Officer of LucentPay at the same time as his employment with FKH and that LucentPay was holding Perr out as its Chief Compliance Officer, co-founder, and employee. LucentPay, a client of FKH, provided Perr with a 16% ownership equity interest in its company. In exchange for the 16% ownership interest, Perr, along with an associate attorney at FKH at Perr's request, provided LucentPay legal guidance and legal services all unbilled while employed at FKH. At no time did LucentPay pay for the legal services rendered by Perr and FKH's associate attorney. Perr never disclosed to FKH that he had a 16% interest in LucentPay or that in exchange for his 16% interest he undertook to provide free legal guidance to LucentPay while employed at FKH. On March 30, 2020, FKH made demand that Perr produce documentation to account for and reveal his interest and compensation from LucentPay. Perr refused to comply. On April 2, 2020, FKH initiated this action by writ of summon[s] against Perr and on July 23, 2020, FKH filed a complaint alleging claims of breach of fiduciary duty (count I), fraud and fraudulent misrepresentation (count II), conversion (count III), theft of corporate opportunity (count IV), unjust enrichment (count V), for an accounting (count VI), for imposition of a constructive trust (count VII), and breach of employment agreement (count VIII).

On July 13, 2020, Perr filed a petition to compel arbitration. On August 12, 2020, Perr filed preliminary objections pursuant to Pa.R.C.P. [No.] 1028(a)(6) agreement for alternative dispute resolution. FKH filed responses to the petition to compel arbitration and preliminary objections and on December 3, 2020, this court sustained in part and overruled in part the preliminary objections and granted in part and denied in part the petition to compel arbitration. The court held that any and all claims under the Shareholder Agreement were remanded to arbitration and that all claims under the Employment Agreement were not subject to arbitration. Additionally, the court stayed the claims subject to arbitration pending resolution of the non-arbitral claims. On January 12, 2021, Perr filed a notice of appeal of this court's order.

Trial Court Opinion, 4/26/21, at 1-4 (footnotes omitted).

Perr claims the trial court erred in concluding that FKH's claim against him for breach of the Employment Agreement was not covered under the Arbitration Clause. He also claims the trial court erred in staying the arbitrable claims rather than the claims proceeding in court. We consider these issues in turn.

An order denying a petition to compel arbitration is an interlocutory order appealable as of right.[2]

> Our standard of review of a claim that the trial court improperly overruled preliminary objections in the nature of a petition to compel arbitration is clear. Our review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition.
>
> In doing so, we employ a two-part test to determine whether the trial court should have compelled arbitration. First, we examine whether a valid agreement to arbitrate exists. Second, we must determine whether the dispute is within the scope of the agreement.
>
> Whether a claim is within the scope of an arbitration provision is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary.

*MacPherson v. Magee Mem'l Hosp. for Convalescence*, 128 A.3d 1209, 1218–19 (Pa. Super. 2015) (*en banc*) (internal citations and quotation marks omitted).

Further, we are guided by the following principles:

---

[2] Rule 311(a)(8) permits an interlocutory appeal as of right where the order is made appealable by statute. Pa.R.A.P. 311(a)(8). Section 7320(a)(1) provides that an appeal may be taken from an order denying an application to appeal arbitration. 42 Pa.C.S.A. § 7320(a)(1).

(1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute.

*Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1273 (Pa. Super. 2004).

The parties do not dispute the validity of the Arbitration Clause. The question is whether it is broad enough in scope to encompass disputes under the Employment Agreement as well as the Shareholder Agreement. Our review of the two agreements reveals that they are expressly interrelated in some respects. The Employment Agreement provided for Perr to serve FKH as a "full-time attorney" and "shareholder." Employment Agreement, 6/24/2015, at ¶ 2(a), (b).[3] Likewise, the Employment Agreement provided for its termination upon, among other contingencies, "attaining the age set forth in § 5.2 of the Shareholders Agreement." *Id.* at ¶ 3(d). Discharge for cause under the Employment Agreement occurs upon a vote of shareholders "as defined in the Shareholders Agreement." *Id.* at ¶ 8. The Employment Agreement contains an integration clause providing that it constitutes the entire agreement among the parties. *Id.* at ¶ 11(g). The integration clause does not reference the Shareholder Agreement. *Id.*

---

[3] The Employment Agreement appears in the record as Exhibit C to FKH's complaint.

The Shareholder Agreement, for its part, refers to the Employment Agreement as "separate." For example, the Shareholder Agreement provides that "each Shareholder shall enter into and execute a separate Employment Agreement which shall be consistent with this Agreement." Shareholder Agreement, 11/1/17, at ¶ 5.1. The Shareholder Agreement's integration clause references the Employment Agreement: "This Agreement and the separate Employment Agreements referenced herein constitute the entire understanding and agreement of the parties with respect to the subject matter hereof […]." *Id.* at ¶ 8.5. The record contains several amended versions of the Shareholder Agreement, but it appears that Perr became a Shareholder and Employee of FKH on the same day, June 24, 2015. Shareholder Agreement, 6/24/15.[4] Thus, Perr was both a shareholder and an employee for the entirety of his tenure at FKH.

We now turn to the complaint, in which one of FKH's causes of action is titled "Breach of Employment Agreement." We are mindful that "a complaint's substance, not its styling, is to control whether the complainant party must proceed to arbitration or may file in the court of common pleas." *Warwick Twp. Water and Sewer Auth. v. Boucher & James, Inc.*, 851 A.2d 953, 957 (Pa. Super. 2004) (quoting *Shadduck v. Christopher J. Kaclik, Inc.*, 713 A.2d 635 (Pa. Super. 1998)), *appeal denied*, 879 A.2d 783 (Pa. 2005).

---

[4] This version of the Shareholder Agreement appears in the record as Exhibit E to FKH's complaint.

The complaint occasionally references Perr as an "employee and shareholder" and/or a "shareholder-employee." Complaint, 7/23/20, at ¶¶ 2, 3, 12, 14, 31, 112-117. In several instances, however, the Complaint references Perr only as an employee:

> 15. Under the LucentPay Operating Agreement, section 2.7, and at a time when Perr was an employee of FKH devoted to the full-time practice of law for FKH, Perr obligated himself to (a) utilize reasonable efforts to increase the client base of LucentPay, and (b) assist with the operations of LucentPay where necessary.

> 16. Under the LucentPay Operating Agreement, section 2.7, and at a time when Perr was an employee of FKH devoted to the full-time practice of law for FKH, Perr further obligated himself to 'provide legal guidance for the Company [LucentPay] in connection with compliance and related issues, and provide a legal opinion as to the initial business of the Company.'

> […]

> 36. On or about June 24, 2015, Perr entered into a written Employment Agreement with FKH (the "Employment Agreement"" pursuant to which Perr was employed as a "full-time attorney" of FKH. […]

> 37. Pursuant to the Employment Agreement, Perr was engaged as a "full-time attorney in the private practice of law," and Perr agreed that he "shall devote sufficient working time, energy, skill and best efforts to the performance of the Employee's [Perr's] duties hereunder in order to diligently further the business and interests of the Company [FKH]."

> 38. As a full-time employee of FKH devoted to use his best efforts in order to diligently further the business and interests of FKH, Perr was not permitted to work in a separate position providing legal guidance to LucentPay.

> 39. The Employment Agreement contains no clause mandating or requiring that the parties participate in any mediation of disputes under the Employment Agreement.

40. The Employment Agreement contains no clause mandating or requiring that the parties participate in any arbitration of disputes under the Employment Agreement.

*Id.* at ¶¶ 15-16, 36-40. Similarly, the Complaint alleges that the Shareholder Agreement does not mandate arbitration of disputes arising under the Employment Agreement. *Id.* at ¶¶ 46-48.

The count for breach of the Employment Agreement includes a demand for Perr to return all salary and compensation he received from FKH while he was also an officer and employee of LucentPay. *Id.* at ¶¶ 150-51. This item of damages is not included in any other count.[5] In summary, the complaint alleges that Perr's employment with LucentPay violated his obligation under the Employment Agreement to "devote sufficient working time, energy, skill and best efforts to the performance of the Employee's duties hereunder in order to diligently further the business and interests of the Company." *Id.* at ¶ 37 (quoting Employment Agreement at ¶ 2(b)). The Shareholder Agreement contains no analogous provision to ¶ 2(b) of the Employment Agreement.

The trial court found that the Arbitration Agreement was not broad enough in scope to encompass the breach of Employment Agreement claims:

_____

[5] We observe that paragraph four of the Employment Agreement governed Perr's compensation as an employee of FKH, and ¶ 5 governed his benefits. Employment Agreement, 6/24/2015, at ¶¶ 4-5. Similarly, paragraph 6 of the Shareholder Agreement governs compensation of FKH shareholders. Shareholder Agreement at ¶ 6. The Shareholder Agreement contains no provision governing benefits.

- 8 -

The complaint also alleges a claim for breach of the Employment Agreement. The Employment Agreement does not contain an arbitration provision. The question then became whether the arbitration provision set forth in § 8.3 of the Shareholder Agreement applies to the Employment Agreement. The court found that it did not apply. The Employment Agreement is a separate agreement which constitutes the entire agreement between the parties. While the Employment Agreement does reference the Shareholder Agreement, the references are limited and specific to the term of employment and discharge, not arbitration. Since the Employment Agreement did not reference § 8.3 of the Shareholder Agreement, as it did with respect to term of employment and discharge, and since agreements to arbitrate are to be strictly construed and not extended by implication, the court found that § 8.3 did not apply to the claim for breach of the Employment Agreement or any related tort claims alleged in the complaint. As such, the court severed the arbitral claims from the non-arbitral claims and stayed the arbitral claims pending resolution of the non-arbitral claims.

Trial Court Opinion, 4/26/21, at 5-6 (footnotes omitted).

Despite the interrelatedness of the two agreements discussed above, we discern no error in the trial court's decision as to the scope of the arbitration clause. The breach of Employment Agreement cause of action alleges the breach of an obligation arising expressly under that agreement, and only under that agreement. Because arbitration clauses are to be strictly construed, the Employment Agreement contains no arbitration clause, and FKH's claim for its breach relates to a clause that has no analogue in the Shareholder Agreement, we cannot conclude the parties have clearly and unmistakably agreed to submit this claim to arbitration. We therefore have no basis for disturbing this portion of the trial court's order.

Next, we must determine whether the trial court erred in denying Perr's petition to compel arbitration insofar as the court permitted the breach of Employment Agreement action to proceed in court while ordering a stay of the arbitrable claims.[6]  To decide this question, we must construe § 7304 of the Judicial Code.[7]  Most pertinent instantly is subsection (d):[8]

> **(d) Stay of judicial proceedings.--**An action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section.  If the issue allegedly subject to arbitration is severable, the stay of the court action or proceeding may be made with respect to the severable issue only.  If the application for an

---

[6]  In ***Sew Clean Drycleaners and Launders, Inc. v. Dress For Success Cleaners, Inc.***, 903 A.3d 1254, 1257-58 (Pa. Super. 2006), this Court held that an order declining to stay a court action, thus permitting it to proceed concurrently with the arbitration, is an appealable collateral order pursuant to Pa.R.A.P. 313.  Here, because the trial court found most of Perr's claims to be arbitrable but did not compel immediate arbitration, we have concluded this matter is appealable pursuant to Appellate Rule 311(a)(8) and § 7320(a)(1) of the Judicial Code, as explained above.

[7]  The Statutory Construction Act provides:  "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.  Every statute shall be construed, if possible, to give effect to all its provisions."  1 Pa.C.S.A. § 1921(a).  Further, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  1 Pa.C.S.A. § 1921(b).  As explained in the main text, we find no ambiguity in § 7304(d).

[8]  Subsection (a) provides for an order compelling arbitration if the arbitrability of the matter is in dispute and if the trial court finds in favor of the party moving to compel arbitration.  42 Pa.C.S.A. § 7304(a).  Subsection (b) provides for a stay of arbitration where the opposing party can establish there is no agreement to arbitrate; otherwise "the court shall order the parties to proceed with arbitration."  42 Pa.C.S.A. § 7304(b).  Subsection (c) governs venue of motions to compel or stay arbitration, and subsection (e) provides that the court deciding arbitrability shall not base its decision on the perceived merits of the underlying controversy.  42 Pa.C.S.A. § 7304(c), (e).

- 10 -

order to proceed with arbitration is made in such action or proceeding and is granted, the court order to proceed with arbitration shall include a stay of the action or proceeding.

42 Pa.C.S.A. § 7304(d). The first sentence of § 7304(d) mandates a stay of a judicial action or proceeding where, as here, an order to proceed with arbitration has been applied for or entered. Where the arbitrable issue is severable, the second sentence permits the stay of the **court** proceeding to be limited to the arbitrable issue. In other words, the court action on the non-arbitrable issues may proceed concurrently with the arbitration where the arbitrable and non-arbitrable issues are severable. The third sentence requires an order granting an application to proceed with arbitration to include a stay of the judicial action on the arbitrable issues.

The statute does not authorize a stay of arbitration pending the outcome of a court action on severable, non-arbitrable issues.[9] That is, nothing in the statute authorizes what the trial court did here. FKH relies on § 323[10] of the

---

[9] As noted above, § 7304(b) authorizes a stay of arbitration only where the opponent of arbitration establishes that no agreement to arbitrate exists. 42 Pa.C.S.A. § 7304(b); *see **Vertical Res., Inc. v. Bramlett**. 837 A.2d 1193, 1203 (Pa. Super. 2003) (explaining that a party is entitled to enjoin arbitration where there was no agreement to arbitrate or where the dispute falls outside the scope of the agreement).

[10] Section 323, titled "Powers," provides:

> Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for

*(Footnote Continued Next Page)*

Judicial Code in support of the trial court's broad authority to manage the cases before it. FKH cites **In re Estate of Petro**, 694 A.2d 627, 631-32 (Pa. Super. 1997), **appeal denied**, 706 A.2d 1213 (Pa. 1997), wherein this Court wrote that the power of granting a stay is one of the powers necessary to the fair and efficient administration of justice. While we do not dispute these general principles, FKH has cited no authority governing their application in a case involving § 7304. Section 7304(d) governs the efficient administration of justice in cases involving an agreement to arbitrate. In other words, § 7304 is very specific, whereas § 323 is general, as is the holding in **Petro**. The Rules of Statutory Construction provide clear guidance in this situation:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933. We find no direct conflict between § 323 and § 7304, the former of which does not expressly mention the power to grant a stay, much less a stay of a court action pending arbitration. Section 7304(d) clearly

_____

> or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

42 Pa.C.S.A. § 323.

governs the power to grant a stay in a case involving an agreement to arbitrate.

Further, the Courts of this Commonwealth have cited § 7304(d) in support of a stay of the judicial proceeding. *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 510 n. 29 (Pa. 2016) ("[O]nce an issue has been referred to arbitration, any judicial proceeding involving that issue is stayed pending the outcome of arbitration."). *Sew Clean*, 903 A.3d at 1258 ("Clearly, Sew Clean's claims against Giant Eagle relate to the issues that are subject to arbitration, and thus, the trial court should have issued a stay pursuant to 42 Pa.C.S. § 7304(d)"). Given the clear language of § 7304(d), and finding FKH's arguments to the contrary unpersuasive, we find no precedential or statutory authority for the trial court's decision to stay the arbitration claims.

At most, as we explained above, the arbitrable claims and the breach of Employment Agreement claim can proceed concurrently if they are severable. Trial courts have broad discretion to sever or combine cases or causes of action under Pa.R.C.P. No. 213. Pa.R.C.P. No. 213(b); *Ball v. Bayard Pump & Tank Co.*, 67 A.3d 759, 767 (Pa. 2013). In this case, the second sentence of § 7304(d) would permit the breach of Employment Agreement cause of action to proceed in court while the court proceeding on the remaining causes of action is stayed pending their arbitration so long as the arbitrable claims are severable. If the arbitrable claims and the breach of Employment

Agreement claim are not severable, § 7304(d) requires a stay of the judicial proceeding.

On remand, the trial court should consider the applicability to this case of *Sew Clean* and *Taylor*. In *Sew Clean*, the plaintiff (Sew Clean) sued Dress For Success (DFS) and Giant Eagle for damages arising out of an alleged breach of its agreement with DFS. DFS operated dry cleaning kiosks at Giant Eagle grocery stores and contracted with Sew Clean to launder the clothes DFS collected at the kiosks. DFS and Giant Eagle moved to compel arbitration and to stay the judicial proceeding against Giant Eagle, which was not a party to the agreement between Sew Clean and DFS. The trial court compelled arbitration but did not stay the action against Giant Eagle. This Court reversed, holding that Sew Clean's claims against Giant Eagle "relate to the issues that are subject to arbitration, and thus, the trial court should have issued a stay pursuant to 42 Pa.C.S. § 7304(d)." *Id.* at 1258.

Likewise, as noted above, our Supreme Court in *Taylor* wrote in a footnote that where an issue is referred to arbitration, any judicial proceeding involving that issue is stayed pending the outcome of arbitration. *Taylor*, 147 A.3d at 510 n. 29. The *Taylor* Court explained that the arbitration of the survival action in that case would be resolved before the wrongful death action could proceed in court. *Id.* Thus, in a case involving distinct causes of action arising out of a common nucleus of facts, the Supreme Court wrote that the action pending in court would await the outcome of arbitration.

- 14 -

Instantly, because the trial court misapplied § 7304(d), we must remand for a determination of severability under the proper statutory framework. The trial court, mindful that the arbitrable claims must proceed immediately, must determine whether the cause of action under the Employment Agreement are severable.[11] If so, the court action on those causes of action may proceed concurrently with the arbitration of the claims under the Shareholder Agreement. If not, the court action on the Employment Agreement must await the outcome of the arbitration.

In summary, we affirm the trial court's order insofar as it denied Perr's application to compel arbitration of the breach of Employment Agreement cause of action. We reverse the order insofar as it stayed the arbitrable claims pending the outcome of the court action on the breach of Employment Agreement claim. Rather, the court must compel immediate arbitration of the arbitrable claims, stay the judicial action as to the arbitrable claims, decide whether the cause of action on the breach of Employment Agreement claim is severable from the arbitration claims, and proceed as explained above upon making a severability determination. We remand for further proceedings consistent with this Opinion.

Order affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

---

[11] As noted above, this decision rests within the discretion of the trial court under Pa.R.C.P. No. 213(b).

Judge McCaffery joins the opinion.

Judge Bowes files a concurring and dissenting opinion.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* *6/30/2022*